BLAIR VENEER CO., PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6703.   Promulgated December 21, 1926.

*W. E. Hayes, Esq.*, for the petitioner.
*A. George Bouchard, Esq.*, for the respondent.

Petitioner appeals from the determination of deficiencies in income and profits taxes for the fiscal year ended June 30, 1918, the period July 1 to December 31, 1918, and the calendar years 1919, 1920, and 1921, in the aggregate amount of $27,372.63. Petitioner alleges that the Commissioner erred in three particulars in the determination of the deficiencies aforesaid: (1) That the rate of depreciation allowed on buildings, machinery and equipment is inadequate; (2) the provisions of section 205 of the Revenue Act of October 3, 1917, have not been applied; and (3) the excess profits taxes should have been computed under the provisions of section 210 of the Revenue Act of 1917, and sections 327 and 328 of the Revenue Acts of 1918 and 1921.

### FINDINGS OF FACT.

Petitioner is a Vermont corporation with principal offices at North Troy, and during the years in question was engaged in the manufacture of veneer products, consisting of veneer packing cases, furniture panels, chair seats, opera seats, table tops, and other varieties of built-up veneers. Petitioner purchases its raw material in log form and cuts its own veneer, using its saw mill and turning lathe for that purpose. After the logs have been cut and placed in a boiling vat, they are removed and the veneer is shaved from the logs. It is then dried in a kiln, or drying machine; after drying it is glued inside and the core set in and pressed or squeezed in heavy machines which bind it for the finished product. The machinery consists of binding, gluing, and drying machines, veneer lathes, and all necessary machine and carpenter shop equipment.

In 1910 the buildings and equipment of the petitioner were destroyed by fire and in the year 1911 were replaced by the buildings and equipment on hand during the years in question.

The buildings are of wooden construction, with double boarding covered with wrought iron siding and painted.

In 1917, 1918, and 1919, the petitioner was engaged as a subcontractor in filling war orders or contracts, and its plant was in operation from fifteen to twenty hours per day during those years. Accurate records were maintained of the hours of operation, but when a fire in 1924 destroyed the plant and equipment the time records were also destroyed, and the estimate of hours of operation during the years was testified to by the plant superintendent and the president

of the petitioner, who were familiar with the same and maintained the records during this period.

It was not possible, owing to the scarcity of skilled labor during the war period, for petitioner to secure machinists to make the necessary repairs to its machinery, and as a result the wear and tear on the equipment during the years 1917, 1918, and 1919, was very marked. It was necessary for petitioner to employ unskilled labor in the operation of its plants during the years 1917, 1918, and 1919, with the result that the wear and tear on its equipment was greater than it would have been had it been possible to employ experienced labor.

The vibrations from the large presses in the gluing room caused the buildings to become unstable, and the escape of steam from the boiling vats caused the early rusting of the iron sidings on the outside of the buildings.

OPINION.

MILLIKEN: The controversy concerning depreciation of the buildings and equipment of the petitioner relates to the proper rate, as the parties are in agreement as to the values. The Commissioner determined the rate of depreciation on a composite basis. Considering the hours of operation and the other factors enumerated in the findings of fact, we are of the opinion that a composite rate of depreciation of 10 per cent for the fiscal year ended June 30, 1918, the period July 1 to December 31, 1918, and the calendar year 1919, is a proper allowance. No evidence was introduced concerning the calendar years 1920 and 1921, and as a consequence we do not disturb the allowance of the Commissioner for those years.

Petitioner averred in the petition that it was entitled to a variable deduction of 9 per cent instead of 7 per cent, under section 205 of the Revenue Act of 1917, and that the provisions of section 210 of the Revenue Act of 1917 and sections 327 and 328 of the Revenue Act of 1918 should be applied. The record contains no evidence which would warrant us in granting the relief sought.

> *Judgment will be entered on 10 days' notice, under Rule 50.*